101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Eric SPIEGELMAN, Plaintiff-Appellant,
v.
REPRISE RECORDS, Warner Bros. Records, Inc., MTV Networks,
and BMI, Defendants-Appellees.
 No. 95-7574.
 United States Court of Appeals, Second Circuit.
 May 23, 1996.
 
 APPEARING FOR APPELLANT: Eric Spiegelman, pro se, New York, NY.
 APPEARING FOR APPELLEES: David B. Shontz, Loeb & Loeb LLP, New York, NY.
 S.D.N.Y.
 AFFIRMED IN PART AND REMANDED IN PART.
 Present: ALTIMARI, PARKER, Circuit Judges.[1]
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed in part and remanded in part for further proceedings.
 
 
 3
 Eric Spiegelman, acting pro se, sued appellees under 17 U.S.C. § 106(1), (2) and (3) claiming that a song which appellees distribute infringes on a song which Spiegelman wrote. After some discovery, including the deposition of Spiegelman, defendants moved for summary judgment, arguing that Spiegelman could not meet the requirement of showing that defendants ever had access to the song which Spiegelman claims is infringed. The district court granted this motion on May 25, and entered judgment dismissing Spiegelman's suit on May 31, 1995. In the following months: (1) Spiegelman moved the district court (a) to compel discovery and (b) for permission to amend his complaint, and (2) defendants, at the direction of the district court, filed a motion for the award of attorney's fees. The district court granted defendants' motion for attorney's fees, ordering Spiegelman to pay $36,718.27 on November 30, 1995. Defendant appeals from both the May 31 judgment granting summary judgment for defendants and the November 30 judgment ordering him to pay attorney's fees.
 
 Summary Judgment
 
 4
 We affirm the order granting summary judgment in favor of defendants for the reasons stated in the district court's Opinion and Order of May 25, 1995.
 
 Attorney's fees
 
 5
 We remand the district court's award of attorney's fees for further proceedings.
 
 
 6
 The Copyright Act allows a district court to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. However, pro se litigants in federal court should be granted greater leniency and patience than persons who are represented by counsel, Haines v. Kerner, 404 U.S. 519, 520 (1972), and attorney's fees should only rarely be awarded against litigants proceeding pro se, Hughes v. Rowe, 449 U.S. 5, 15 (1980). On the other hand, we review awards of attorney's fees deferentially and may reverse such an award only if the district court applied the wrong legal standard or abused its discretion. Twin Peaks Productions, Inc. v. Publications Int'l. Ltd, 996 F.2d 1366, 1383 (2d Cir.1993).
 
 
 7
 In this case it is not clear that the district court applied the correct legal standard. Assessing attorney's fees against a pro se litigant is only appropriate when the court finds that the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Hughes, 449 U.S. at 15 (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). The fact that Spiegelman's suit was weak is not a sufficient basis for ordering him to pay his opponents' lawyers, nor is his failure to understand the legal and factual deficiencies in his claims. 449 U.S. at 15. The district court reasoned that Spiegelman should pay fees in this case because defendants were required to spend an " 'unusual amount' of time on this case both responding to legitimate motion practice as well as to 'a constant flurry of scandalous letters to the Court, to defendants, and to defendants' counsel" and because Spiegelman has repeatedly sought to amend his complaint for a third time. It may very well be that Spiegelman should pay his adversary's lawyers, but the district court has not identified the portion of defendants' counsel's work which was necessitated by Spiegelman's illegitimate conduct. Accordingly, we remand for further findings regarding the appropriateness of an award of attorney's fees. If the district court continues to conclude that Spiegelman should pay, the district court should find which portion of defendants' counsel's time was reasonably spent responding to conduct that was sufficiently egregious. The district court should also make findings concerning the appropriateness of the amount of the fee charged by defense counsel. See Cruz v. Local Union No. 3 of Int'l Brotherhood of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir.1994).
 
 
 8
 Accordingly we remand on the issue of attorney's fees. We have considered appellant's other contentions and find them to be without merit.
 
 
 
 [1]
 Judge Cardamone having recused himself from this action, this case is decided by two judges pursuant to Second Circuit Local Rule § 0.14